UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANAIRA TAYLOR,

    Petitioner,

-vs-                          Case No. 2:06-cv-153-FtM-29DNF
                                  Case No. 2:02-cr-36-FTM-29DNF

UNITED STATES OF AMERICA,

    Respondent.
_____

**OPINION AND ORDER**

    This matter comes before the Court on Petitioner's Notice of Appeal (Doc. #8), filed on May 5, 2006. Pursuant to Fed. R. App. P. 22(b)(1), this is deemed to also include an application for certificate of appealability.

    Under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability issues. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Specifically, where a district court has rejected a prisoner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484 (2000); Peoples v. Haley, 227 F.3d 1342 (11th Cir. 2000). When

the district court has rejected a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack, 529 U.S. at 484; Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000) (per curiam), cert. denied, 121 S. Ct. 1738 (2001).  "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 537 U.S. at 336.

In this action, the Court dismissed petitioner's Motion for Leave to Petition for Reduction of Sentence Pursuant to Rule 9(a) of 2255 Rules and Excusable Neglect (Doc. #1) finding that leave to file a successive petition must be sought with the Eleventh Circuit Court of Appeals if desired[1]; that a habeas petition under § 2255 would be untimely, if construed as a § 2255; and even if so construed, a § 2255 would be rejected as without merit.  The Court also found no other basis for jurisdiction.  (See Opinion and Order, Doc. #4).  The Court finds that petitioner has failed to show that jurists of reason would find the Court was incorrect in its procedural rulings.

Accordingly, it is now

**ORDERED:**

---

[1]The Court noted that the record did not reflect a prior habeas petition.

Petitioner's application for certificate of appealability, deemed included in the Notice of Appeal (Doc. #8), is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   15th   day of May, 2006.

_____
JOHN E. STEELE
United States District Judge

Copies:
All Parties of Record

United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, GA 30303